JOHNNIE STEWARD *et al.*, Plaintiffs-Appellants, *v.* ALLSTATE INSURANCE COMPANY, Defendant-Appellee.

First District (3rd Division)    No. 78-1573

Opinion filed December 31, 1980.

Ronald S. Fishman, of Chicago, for appellants.

Duane C. Quaini, Robert C. Johnson, William T. Barker, and Alan M. Posner, all of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellee.

Mr. JUSTICE RIZZI delivered the opinion of the court:

This action was brought against defendant, Allstate Insurance Company, by several plaintiffs who owned certain homeowners or fire insurance policies issued by Allstate. In each of the first four counts, different plaintiffs allege that Allstate improperly cancelled or refused to renew their policies. In the fifth count, plaintiffs seek to maintain a class action on behalf of other policyholders treated in a similar manner. The trial court dismissed counts II, III and IV pursuant to Allstate's motion to dismiss. After a trial on count I, the trial court dismissed counts I and V with prejudice. We affirm in part, reverse in part and remand.

As to count I, plaintiffs are Johnnie and Katie Steward, owners of a home insured by Allstate for more than 20 years. During this period, the Stewards had a "Homeowners Deluxe" policy. In a letter dated February 28, 1977, Allstate informed plaintiffs that their homeowners policy would not be renewed after it expired on April 21, 1977. The letter stated:

> "In preparing your Allstate Homeowners policy for renewal, we have determined that your home is insured for substantially less than what it would cost to rebuild or replace it in the event of a loss. Because of this, we do not feel we can continue to insure you at the present coverage level. Accordingly, this policy will continue only until the time and date shown below."

In the letter, Allstate invited the Stewards to contact an Allstate agent so that they could complete an application for fire and extended coverge insurance.

The Stewards subsequently applied to Allstate for the fire and extended coverage insurance, and a policy was issued. This policy had less extensive coverage than the homeowners policy. The new policy contained the following cancellation endorsement which is similar to section 143.21 of the Illinois Insurance Code (Ill. Rev. Stat. 1977, ch. 73, par. 755.21):

> "[A]fter this policy has been in effect for one year, or if such policy is a renewal policy, Allstate shall not exercise its right to cancel the

insurance afforded by this policy except for one or more of the following reasons:

(a) for non-payment of premium;

(b) when a policy was obtained by misrepresentation or fraud; or

(c) for any act which measurably increases the risk originally accepted."

Subsequently, plaintiffs received a letter dated June 13, 1977, from Allstate, advising them that their fire and extended coverage policy would be terminated on July 13, 1977. Plaintiffs contacted an attorney who, in a letter of July 13, 1977, demanded a hearing from the Department of Insurance pursuant to section 143.23 of the Code (Ill. Rev. Stat. 1977, ch. 73, par. 755.23). In a letter dated July 26, 1977, plaintiffs' attorney again demanded a hearing. No hearing was held. According to an assistant deputy director of the Department of Insurance, no hearing was scheduled because the policy was not a renewal policy. Section 143.23 of the Code provides for a hearing only if a policy of fire and extended coverage has been effective for one year or if such policy is a renewal policy. See Ill. Rev. Stat. 1977, ch. 73, pars. 755.21, 755.23.

In a letter dated July 29, 1977, Allstate informed plaintiffs that the cancellation of their policy "was in error." Allstate reinstated the policy effective July 13, 1977. On August 8, 1977, plaintiffs filed this lawsuit. After a trial on the merits of count I, the trial judge entered an order in which he stated, "Count I of the subject case is dismissed with prejudice."[1]

The Stewards argue that a breach of the insurance contract was proved, and therefore, they are entitled to at least nominal damages. Allstate, on the other hand, argues that it did not breach the contract or violate the Code by sending the notice of cancellation. Allstate contends that it was entitled to cancel the policy since the policy had been in effect for less than a year and was not a renewal policy.

Section 143.21 of the Code (Ill. Rev. Stat. 1977, ch. 73, par. 755.21) and the cancellation endorsement in the policy limit the right of an insurance company to cancel a policy only if the policy has been in effect for one year or if it is a renewal policy. A renewal policy includes successive policies issued by the same insurer to the same insured for the same or similar coverage. (Ill. Rev. Stat. 1977, ch. 73, par. 755.13(c).) Thus, the question is whether the fire and extended coverage policy is a

---

[1] Supreme Court Rule 273 provides that "[u]nless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." (Ill. Rev. Stat. 1977, ch. 110A, par. 273.) Thus, we treat the trial court's order as an adjudication on the merits.

successor policy having the same or similar coverage as the deluxe homeowners policy.

In its letter of February 28, 1977, Allstate clearly manifested its intent not to renew plaintiffs' homeowners policy. Later in the same letter, Allstate invited plaintiffs to apply for a different policy—a fire and extended coverage policy. An assistant deputy director of the Department of Insurance testified:

"Our office determined it was not a renewal policy. It was a policy of fire and extended coverage, which provides much more limited coverage than the homeowners policy.

\* \* \*

Our office has taken the position \* \* \* that this was not a renewal policy, and that it did not offer the same or similar coverage."

■■ We agree with Allstate that the policies do not have the same or similar coverage. Although the fire and extended coverage policy is similar to the fire and extended coverage contained in the homeowners policy, we do not believe that the policies have such similar coverage as to render the former a renewal policy. The fact that the fire and extended coverage policy is similar to or the same as a portion of the homeowners policy is insufficient to make it a renewal policy. Consequently, neither the cancellation endorsement in the policy nor section 143.21 restricted Allstate's right to cancel plaintiffs' policy.

■■ Since Allstate was entitled to cancel plaintiffs' policy, there was no breach of the insurance contract. This conclusion is not altered by the fact that Allstate later chose to reinstate the policy. Therefore, judgment in favor of Allstate on count I is proper.

In counts II and III, plaintiffs are Joseph and Elease Sanders and Gilbert Mendoza, respectively. Plaintiffs are owners of properties which were insured by Allstate under business package policies which contained fire and extended coverage insurance. The policies were effective for a period of three years. Plaintiffs' policies contained a cancellation endorsement similar to that in the Steward's policy. Plaintiffs allege that their policies were cancelled in violation of the cancellation endorsement and section 143.21 of the Code (Ill. Rev. Stat. 1977, ch. 73, par. 755.21). The trial court dismissed counts II and III because plaintiffs failed to request a hearing pursuant to section 143.23 of the Code (Ill. Rev. Stat. 1977, ch. 73, par. 755.23).

On April 25, 1978, plaintiffs filed a motion for rehearing of the order dismissing counts II and III. On May 8, 1978, plaintiffs requested that the court hear certain evidence which would show that the Department of Insurance would have denied any request for a hearing by any plaintiff in counts II and III. Plaintiffs argued that section 143.23 did not apply to

them since it concerns fire and extended coverage policies which by definition apply only to "real property used principally for residential purposes up to a 4 family dwelling." (Ill. Rev. Stat. 1977, ch. 73, par. 755.13(b).) Plaintiffs maintained that their buildings contained more than four residences. The trial court denied the motion.

Plaintiffs argue that section 143.23 does not apply to their policies, and therefore, they should not be required to request a hearing pursuant to an inapplicable statute. However, even if section 143.23 does apply to plaintiffs' policies, these counts should not have been dismissed.

Allstate argues that counts II and III were properly dismissed pursuant to the doctrines of exhaustion of administrative remedies and primary jurisdiction. Specifically, Allstate contends that plaintiffs failed to comply with section 143.23 of the Code which provides:

"A named insured who wishes to appeal the reasons for cancellation pursuant to Sections 143.19 and 143.21, or of nonrenewal pursuant to Section 143.24, shall at least 20 days prior to the effective date of cancellation or nonrenewal, mail or deliver to the Director of Insurance a written request for a hearing which shall clearly state the basis for the appeal." Ill. Rev. Stat. 1977, ch. 73, par. 755.23.

The doctrine of exhaustion of administrative remedies provides that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." (*Myers v. Bethlehem Shipbuilding Corp.* (1938), 303 U.S. 41, 50-51, 82 L. Ed. 638, 644, 58 S. Ct. 459, 463.) The purpose underlying this doctrine is to allow administrative agencies to perform functions within their own special competence. (*Parisi v. Davidson* (1972), 405 U.S. 34, 37, 31 L. Ed. 2d 17, 25, 92 S. Ct. 815, 817.) One exception to this doctrine, however, is that exhaustion is not required when the administrative remedy is inadequate. *Rhodes v. United States* (5th Cir. 1978), 574 F.2d 1179, 1181; *Virginia Chapter, Associated General Contractors of America, Inc. v. Kreps* (W.D. Va. 1978), 444 F. Supp. 1167, 1180.

In the instant case, the Director of the Department of Insurance has the power under section 143.23 to "order the insurer to rescind its notice of cancellation, or in the case of a nonrenewal order the notice of nonrenewal withdrawn." (Ill. Rev. Stat. 1977, ch. 73, par. 755.23.) In their complaint, plaintiffs asked for an order requiring the insurer to rescind the cancellation notice and reinstate the policy, damages for breach of the insurance contract and attorney's fees incurred in bringing the action. Therefore, the Department of Insurance cannot grant full relief to plaintiffs. Because of the Department's inability to grant full relief, plaintiffs should not be required to exhaust their administrative remedies.

*Cf. Gibson v. First Federal Savings & Loan Association* (E.D. Mich. 1972), 347 F. Supp. 560, 566. [2]

■■ We also do not believe that the doctrine of primary jurisdiction is applicable in the present case. Primary jurisdiction applies where "a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." (*United States v. Western Pacific R.R. Co.* (1956), 352 U.S. 59, 1 L. Ed. 2d 126, 132, 77 S. Ct. 161, 165.) The matter should be referred to the agency in cases raising issues of fact not within the conventional experience of judges or in cases requiring the exercise of administrative discretion. (*Far East Conference v. United States* (1952), 342 U.S. 570, 574, 96 L. Ed. 576, 582, 72 S. Ct. 492, 494. The instant case is not the type of case requiring administrative expertise or discretion. (*Cf. Interstate Commerce Com. v. All-American, Inc.* (7th Cir. 1974), 505 F.2d 1360, 1363.) Rather, the issues are typically within the competence of the courts. Consequently, we find the doctrine of primary jurisdiction inapplicable here. The trial court improperly dismissed counts II and III.

In count IV, plaintiffs are Amos and Pepita Foster, owners of a home which was insured by Allstate for six years. The policy in question was to be effective from September 16, 1976, to September 16, 1977. The policy contained a cancellation endorsement which provided:

"Nothing herein shall limit Allstate's right not to renew or not continue this policy at the end of the policy period by giving notice in accordance with the rights afforded by applicable state insurance laws and regulations, but in no event shall such non-renewal notice be mailed to the Named Insured less than 30 days before the expiration of the policy period."

Plaintiffs received a letter from Allstate dated August 1, 1977, which stated that their homeowners policy would not be renewed when it expired on September 16, 1977, because of poor loss experience. In their complaint, plaintiffs alleged that the notice of nonrenewal does not contain any lawful reason for not renewing the policy. Allstate moved to dismiss count IV, arguing that neither the policy nor the Code (Ill. Rev.

---

[2] We note that plaintiffs were not given notice of their right to request a hearing at least 20 days prior to the effective date of cancellation or nonrenewal; such notice was not required at the time plaintiffs' policies were cancelled. The statute has now been amended to require that the notice of cancellation advise the named insured of his right to appeal and the procedure to follow for such appeal. Compare Ill. Rev. Stat. 1977, ch. 73, par. 755.23, with Ill. Rev. Stat., 1978 Supp., ch. 73, par. 755.23.

Stat. 1977, ch. 73, par. 613 *et seq.*) restricts Allstate's right to not renew this policy. The trial court dismissed count IV.

Plaintiffs argue that the court erroneously dismissed count IV. They contend that the Code makes no distinction between cancellations and nonrenewals, and therefore, the provision of the Code which restricts the grounds for cancellation should apply to restrict Allstate's right not to renew plaintiffs' policy. We disagree.

"Cancellation" refers to the unilateral termination by an insurer before the end of the policy period, whereas "nonrenewal" refers to the automatic expiration of a policy at the end of the policy period. (*Shiaras v. Chupp* (1975), 61 Ill. 2d 164, 167, 334 N.E.2d 129, 130.) The Code explicitly treats these terms differently. For instance, section 143.16 concerns mailing a notice of cancellation of an insurance policy to which section 143.11 applies, while section 143.17 concerns mailing a notice of intention not to renew an insurance policy to which the same section, section 143.11, applies.

■ Plaintiffs argue that because section 143.22 and 143.23 apply when a policy is cancelled or not renewed, the terms are used interchangeably. We reject this argument. Clearly, the fact that these sections may apply to both cancellations and nonrenewals does not lead to the conclusion that the meaning of these terms is identical. Furthermore, section 143.23 specifically treats cancellations and nonrenewals differently. Section 143.23 applies to insureds who wish to appeal the reasons for cancellation pursuant to section 143.19 (automobile insurance policies) and 143.21 (fire and extended coverage policies) or for nonrenewal pursuant to section 143.24 (automobile insurance policies). Thus, pursuant to section 143.23, hearings on cancellations are available for automobile insurance policies and fire and extended coverage policies, while hearings on nonrenewals are only available for automobile insurance policies. It is clear that the terms cancellation and nonrenewal are not used interchangeably, and therefore, the provision restricting the right to cancel a fire and extended coverage policy does not apply to Allstate's right to not renew such a policy.[3]

■ Plaintiffs also argue that the nonrenewal notice failed to state the

---

[3] We note that subsequent to the nonrenewal of plaintiffs' policy, section 143.21a of the Code (Ill. Rev. Stat. 1977, ch. 73, par. 755.21a, effective October 1, 1977) was enacted. This section limits the nonrenewal of fire and extended coverage policies. Thus, although the right to cancel a fire and extended coverage policy had already been restricted under section 143.21, the right not to renew a fire and extended coverage policy was restricted for the first time under section 143.21a. Again, a distinction was made between cancellation and nonrenewal. Later, the right of nonrenewal was further restricted for policies of fire and extended coverage which have been effective or renewed for five or more years. Ill. Rev. Stat., 1978 Supp., ch. 73, par. 755.2.1.

reason for nonrenewal. They point to section 143.17(e) of the Code, which provides:

> "In all notices of intention not to renew any policy of insurance, as defined in Sections 143.13(a) and 143.13(b) the company shall specify the reasons for nonrenewal." (Ill. Rev. Stat. 1977, ch. 73, par. 755.17(e).)

Here, the letter stated that Allstate was not able to renew the policy because of "poor loss experience." The reasons for nonrenewal were not restricted at the time of the nonrenewal of plaintiffs' policy. We believe that Allstate sufficiently specified the reason for nonrenewal. Consequently, the trial court properly dismissed count IV.

Finally, the dismissal of count V was improper as to the plaintiffs in counts II and III since these counts will be reinstated. The plaintiffs in counts I and IV, however, will not be able to maintain a class action under count V since they do not have a cause of action against defendants. See *Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 48, 377 N.E.2d 813, 814; *Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 339, 397 N.E.2d 200, 203; *Dvorkin v. Illinois Bell Telephone Co.* (1975), 34 Ill. App. 3d 448, 457-58, 340 N.E.2d 98, 106.

Accordingly, that part of the order dismissing count I is affirmed. The part of the order dismissing counts II and III is reversed, and as to those counts, the case is remanded for further proceedings. The part of the order dismissing count IV is affirmed. The part of the order dismissing count V is reversed and remanded for further proceedings as to the plaintiffs named in counts II and III; the order is affirmed as to the dismissal of plaintiffs named in counts I and IV.

Affirmed in part, reversed in part and remanded.

McNAMARA and SIMON, JJ., concur.