BOBBY D. KREIS *et al.*, Plaintiffs-Appellants, *v.* SIDNEY R. OLSEN, Recorder of Deeds and ex-officio Registrar of Titles of Cook County, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 81—1125

Opinion filed December 14, 1982.

Donald P. Smith and Scott, Fulkerson & Scott, both of Chicago, for appellants.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and Susan Condon, Assistant State's Attorneys, of counsel), for appellees.

JUSTICE DOWNING delivered the opinion of the court:

Plaintiffs, purchasers of real estate registered under the Torrens system,[1] brought this class action in order to recover money damages from the recorder of deeds and Cook County for failing to issue mortgagee's duplicate certificates of title in a timely manner. Defendants' motion to dismiss for failure to state a cause of action was granted and the complaint was dismissed with prejudice.

On appeal, plaintiffs argue that as their complaint states a cause of action, the trial court erred in dismissing their action.

On December 29, 1980, plaintiffs Bobby D. Kreis and Susan M. Kreis, individually and on behalf of all others similarly situated, filed a class action suit against Sidney R. Olsen, Recorder of Deeds and Ex-officio Registrar of Titles and the County of Cook, a "Body Politic and Corporate." The complaint stated that section 60 of the Torrens Act imposes on defendants a duty to issue, upon request of the mortgagee or trustee of the property, a duplicate copy of the certificate of title known as the "Mortgagee's Duplicate Certificate." (Ill. Rev. Stat. 1979, ch. 30, par. 104.) Plaintiffs alleged that beginning as early as November 1977 and continuing to the present, defendants have failed to issue these duplicate certificates for periods of time in excess of 12 months. Plaintiffs alleged that because of this delay, they incurred the expense of purchasing title insurance policies which their mortgagees required despite the title guarantees of the Torrens Act. Plaintiffs requested that a judgment be entered in their favor for the amount of damages they sustained. Defendants filed a section 45 motion to dismiss (Ill. Rev. Stat. 1979, ch. 110, par. 45, now section 2–615 of the Code of Civil Procedure effective July 1, 1982), which the trial court granted with prejudice.

The trial court held that plaintiffs could not prevail under the allegations contained in their complaint because: (i) the statute provides for an administrative remedy which plaintiffs are restricted to; (ii) the proper procedure to force a public official to perform its duty is to seek a writ of *mandamus*; and (iii) plaintiffs did not properly allege that they performed the conditions precedent of making a request for the certificate and paying the statutory fee.

---

[1]The Torrens system for registration of land titles (Ill. Rev. Stat. 1979, ch. 30, par. 45 *et seq.*) is to provide a system of registration so that anyone may ascertain by inspection of the register the condition of title and who may convey such title.

## I

■ The pertinent sections of the Torrens Act which concern available remedies for "[a]ny person sustaining loss or damage through any omission, mistake or misfeasance of the registrar" are sections 101 and 102. (Ill. Rev. Stat. 1979, ch. 30, pars. 138, 139.) The prior statute, not in effect at the time this suit was filed, provided that an aggrieved person "shall have a right of action for the damages thus sustained against the county in which such land shall be registered, and *may file a claim* with the county board, *or bring a civil action against the county* in which the land is situated ***." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 30, par. 138.) The statute now provides (amended effective January 1, 1980) that the injured party "shall have a right of action for the damages thus sustained against the county in which such land shall be registered, and may file a claim with the county board, in which the land is situated ***." (Ill. Rev. Stat. 1979, ch. 30, par. 138.) The subsequent sections which set out the procedural steps in filing a claim correspondingly delete language referring to a judicial cause of action against the county. The following phrase in section 102 of the Act was omitted: "The rejection of any claim so presented [to the county board] shall be no bar to the bringing of suit for the same in the circuit court." Ill. Rev. Stat. 1977, ch. 30, par. 139.

By amending the statute, the legislature demonstrated an intent to eliminate the judicial right of action against the county and to only allow an administrative avenue of relief. A statutory amendment creates a rebuttable presumption that it was intended to change the law as it previously existed. (*Scribner v. Sachs* (1960), 18 Ill. 2d 400, 411, 164 N.E.2d 481.) "Where, as a result of an amendment or revision, words are stricken from the statute, it must be concluded that the legislature deliberately intended to change the law." (*People v. Delay* (1979), 70 Ill. App. 3d 712, 715, 388 N.E.2d 1316, *cert. denied* (1980), 446 U.S. 928, 64 L. Ed. 2d 281, 100 S. Ct. 1865.) In this case, a comparison of the previous statute and the amended statute evidences an obvious attempt by the legislature to eliminate dual remedies and instead allow one for only an administrative review.[2]

Plaintiffs contend that section 101 of the Torrens Act provides alternative remedies. They interpret the phrase "shall have a right of action against the county in which such land shall be registered" as establishing a judicial remedy in addition to the administrative one.

---

[2]Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*, effective July 1, 1982, is now found at Ill. Rev. Stat. 1981, ch. 110, par. 3—101 *et seq.*

Plaintiffs draw an analogy to other statutes which provide both judicial and administrative remedies. This analogy is not persuasive, as the question is not whether the legislature has the authority to provide for dual remedies, which it clearly has, but whether it chose to do so in this instance. As defendants note, the Torrens Act, which created a system of land registration and statutes providing for remedies unknown at common law, must be strictly construed. *Schmidt v. Anderson* (1912), 253 Ill. 29, 33, 97 N.E. 291.

■ Where the legislature created a specific statutory remedy, as they did here, the persons aggrieved must first exhaust that remedy before applying for judicial relief. (*Steward v. Allstate Insurance Co.* (1980), 92 Ill. App. 3d 637, 641, 415 N.E.2d 1206.) Plaintiffs have not argued that the administrative remedy is inadequate, which is an exception to the exhaustion doctrine. (92 Ill. App. 3d 637, 641.) Therefore, they are restricted to seeking administrative relief and the trial court properly dismissed their complaint.

II

Plaintiffs argue that the trial court erroneously concluded that the appropriate remedy was a writ of *mandamus*, and that failure to seek this remedy barred their claim. The fact that an alternative remedy suggested by the trial court is not, as plaintiffs contend and defendants agree, appropriate does not invalidate the trial court's decision. Plaintiffs also urge that the trial court was incorrect in basing its dismissal of the complaint upon the additional ground that plaintiffs had not sufficiently alleged that the condition precedents to defendants' duty had been met. However, since the complaint was properly dismissed because of the administrative remedy provision in the statute, we need not address the issue of the sufficiency of the complaint.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS, P.J., and HARTMAN, J., concur.