337 S.E.2d 908

**The HORACE MANN INSURANCE COMPANY**

v.

**Richard G. SHAW, Insurance Commissioner of West Virginia.**

No. 16379.

Supreme Court of Appeals of West Virginia.

Dec. 6, 1985.

Wayne A. Sinclair, Steptoe & Johnson, Charleston, for appellant.

Charlie Brown, Atty. Gen., Janet Frye Steele, Asst. Atty. Gen., Cheryl L. Davis, Sp. Asst. Atty. Gen., Charleston, for appellee.

McHUGH, Justice:

This action is before this Court upon the appeal of The Horace Mann Insurance Company (hereinafter "Horace Mann") from the final order of the Circuit Court of Kanawha County, West Virginia. As that order, dated October 5, 1983, indicates, the circuit court entered judgment in favor of the Insurance Commissioner of West Virginia in a dispute between Horace Mann and the Commissioner regarding the interpretation of *W.Va. Code*, 33–6A–4 [1980]. The provisions in question of that statute concern the renewal of "automobile liability or physical damage" insurance policies. The commissioner is the appellee in this action. This Court has before it the petition for appeal, all matters of record and the briefs of counsel.

I

Horace Mann is a Florida corporation licensed to transact the business of insurance in West Virginia. The operation of Horace Mann, as relevant to the provisions of *W.Va. Code*, 33–6A–4 [1980], has been stipulated by the parties. The stipulation provides in part:

Horace Mann's policy is to issue separate polices of insurance for each and every vehicle that a single family or policyholder owns. Horace Mann never issues multi-car policies. When an insured asks to insure other vehicles, completely separate policies are issued. A different policy number is assigned to any later policy.

Horace Mann issues separate automobile policies as a convenience to itself and to its policyholders. Payments may be spread out, so that a policyholder can have payments due monthly, rather than all at once, which Horace Mann believes is an accomodation to the policyholder. Additionally, separate policies simplified Horace Mann's handling of policy matters and it can give lienholders a separate policy on each particular vehicle. If a premium is not paid, only the particular policy is cancelled, not coverage on all the vehicles a family may own, which Horace Mann believes is advantageous to the lienholder, which need only pay the premium on that particular policy to keep its lien protected. Also, Horace Mann has traditionally issued separate policies and the system in Horace Mann's opinion has worked well, and changing the system will be costly to Horace Mann Insurance Company.

Thus, Horace Mann does not automatically include additional or replacement automobiles acquired by an insured within the insured's existing automobile liability or physical damage insurance policy. Horace Mann issues separate policies for each vehicle.

Under *W.Va. Code*, 33–6A–4 [1980], an insurer may not fail to renew an outstanding automobile liability or physical damage insurance policy (which has been in existence for two consecutive years or longer), except for certain enumerated reasons. That statute provides:

No insurer shall fail to renew an outstanding automobile liability or physical damage insurance policy unless such nonrenewal is preceded by at least forty-

five days of advance notice to the named insured of such insurer's election not to renew such policy: Provided, that subject to this section, nothing contained in this article shall be construed so as to prevent an insurer from refusing to issue an automobile liability or physical damage insurance policy upon application to such insurer, nor shall any provision of this article be construed to prevent an insurer from refusing to renew such a policy upon expiration, except as to the notice requirements of this section, and except further as to those applicants lawfully submitted pursuant to the West Virginia assigned risk plan: *Provided, however, that an insurer may not fail to renew an outstanding automobile liability or physical damage insurance policy which has been in existence for two consecutive years or longer except for the following reasons:* ... [The reasons, numbered (a) through (f) under *W.Va. Code*, 33–6A–4 (1980), concern an insured's (a) breach of the obligation to pay premiums (b) obtaining a policy through misrepresentation, (c) violation of the terms and conditions of a policy, (d) loss of operator's license or inability to operate a motor vehicle, (e) conviction of or forfeiture of bail concerning certain offenses, and (f) fault with regard to motor vehicle accidents.] (emphasis added)

Horace Mann recognizes that an automobile liability or physical damage insurance policy (in existence for two consecutive years or longer) issued by Horace Mann is renewable, except for the *specified* reasons enumerated in *W.Va. Code*, 33–6A–4 [ (a) through (f) ] [1980]. Horace Mann contends, however, that even though such renewal protection afforded by that statute has taken effect with respect to an insured, such protection does not apply to a subsequent policy (in existence for less than two years) issued by Horace Mann for an additional or replacement automobile acquired by the insured. In other words, Horace Mann contends that it is entitled to a two-year "probationary period to evaluate the risk" concerning the additional or replacement automobile. Accordingly, Horace Mann asserts that within the two-year period, Horace Mann may elect not to renew the new policy for the additional or replacement automobile without regard to the enumerated reasons [ (a) through (f) ] of *W.Va. Code*, 33–6A–4 (1980).

As discussed below, however, the commissioner and circuit court ruled otherwise.

The commissioner ruled that (1) an insured's additional or "second" automobile liability or physical damage insurance policy issued by Horace Mann does not constitute a separate policy within the meaning of *W.Va. Code*, 33–6A–4 [1980], and (2) such additional or "second" policy falls within the renewal protection of *W.Va. Code*, 33–6A–4 [1980], without satisfying the requirement that it shall have been in existence for two consecutive years or longer.[1] The commissioner reasoned that *W.Va. Code*, 33–6A–4 [1980]:

is for the protection of policyholders with established relationships with insurers, and that an insurer may not use the fact that its particular methods of transacting insurance appear to avoid an application of the statute to deny a policyholder the protection afforded by Code 33–6A–4. To hold that the statute applies only to particular policies and not to the insured-insurer relationship would remove the 'tenured' status of long-term policyholders....

Challenging the ruling of the commissioner, Horace Mann, in March 1982, instituted a declaratory judgment action in the Circuit Court of Kanawha County. Horace Mann contended that the commissioner's

---

1. The parties stipulated:

That Richard G. Shaw as Insurance Commissioner of the State of West Virginia has ruled on this occasion that a 'second policy' of insurance for each automobile owned by the policyholder does not constitute a separate policy of insurance and permits each policy issued to come under the provisions of Code 33–6A–4 in that the 'second policy' on a motor vehicle issued by the plaintiff [Horace Mann] may not require an additional two-year period in which the plaintiff may have the option to cancel or nonrenew said 'second policy' without complying with the restrictions in Code 33–6A–4.

ruling concerning *W.Va. Code*, 33–6A–4 [1980], was erroneous and violative of Horace Mann's right to contract with insurance consumers. The circuit court, nevertheless, in October 1983, upheld the ruling of the commissioner.

## II

■ As chapter 33, entitled "Insurance," of the *West Virginia Code* indicates, the insurance industry is subject to regulation in this State. In syllabus point 4 of *Johnson v. Continental Casualty Co.*, 157 W.Va. 572, 201 S.E.2d 292 (1973), this Court held: "In that the insurance industry is quasi-public in character, the Legislature may validly exercise its police powers and prescribe the terms and conditions on which the sale of automobile liability insurance policies may be conducted." *See also Swearingen v. Bond*, 96 W.Va. 193, 200, 122 S.E. 539, 542 (1924). State regulation of the insurance industry is beneficial to society in view of the unequal bargaining position between the insured and the insurer, i.e., that the "insured and insurer do not stand in *pari causa* [upon an equal footing]. . . ." *Bell v. State Farm Mutual Automobile Ins. Co.*, 157 W.Va. 623, 629, 207 S.E.2d 147, 151 (1974).

■ The issue before this Court is whether an insured's existing renewal protection under *W.Va. Code*, 33–6A–4 [1980], applies with regard to additional policies issued by the insurer for additional or replacement automobiles acquired by the insured, even though the additional policies have not been in existence for "two consecutive years or longer." For the reasons stated below, we uphold the ruling of the Commissioner[2] and circuit court that the additional policies are subject to the renewal protection.

■ In considering the provisions of *W.Va. Code*, 33–6A–4 [1980], we note that in syllabus point 8 of *Vest v. Cobb*, 138 W.Va. 660, 76 S.E.2d 885 (1953), this Court held that "[t]he primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature." In particular, this Court held in syllabus point 4 of *State ex rel. Bibb v. Chambers*, 138 W.Va. 701, 77 S.E.2d 297 (1953), that "[i]t is a cardinal rule of construction governing the interpretation of statutes that the purpose for which a statute has been enacted may be resorted to by the courts in ascertaining the legislative intent."[3]

Little authority with factual circumstances similar to the action before this Court can be found to aid this Court in resolving the dispute, concerning *W.Va. Code*, 33–6A–4 [1980], between Horace Mann and the commissioner. However, the provisions of that statute evidence an obvious Legislative intent to afford an insured protection, under certain circumstances,

2. As this Court stated in syllabus point 4 of *Security National Bank & Trust Co. v. First W.Va. Bancorp., Inc.*, 166 W.Va. 775, 277 S.E.2d 613 (1981), *appeal dismissed*, 454 U.S. 1131, 102 S.Ct. 986, 71 L.Ed.2d 284 (1982): "Interpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous." *See also* syl. pt. 1, *Dillon v. Board of Education*, 171 W.Va. 631, 301 S.E.2d 588 (1983); *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 118–19, 219 S.E.2d 361, 367 (1975); *Evans v. Hutchinson*, 158 W.Va. 359, 373, 214 S.E.2d 453, 462 (1975); *State ex rel. Daily Gazette Co. v. County Court*, 137 W.Va. 127, 132, 70 S.E.2d 260, 262 (1952); *Wheeling Fire Insurance Co. v. Board of Equalization & Review*, 111 W.Va. 161, 169, 161 S.E. 427, 430 (1931); syl. pt. 2, *State ex rel. Brandon v. Board of Control*, 84 W.Va. 417, 100 S.E. 215 (1919); syl. pt. 4, *State v. Davis*, 62 W.Va. 500, 60 S.E. 584 (1907); syl. pt. 6, *Daniel v. Simms*, 49 W.Va. 554, 39 S.E. 690 (1901). *Cf.*

syl. pt. 5, *Hodge v. Ginsberg*, 172 W.Va. 17, 303 S.E.2d 245 (1983): "While the interpretation of a statute by the agency charged with its administration should ordinarily be afforded deference, when that interpretation is unduly restrictive and in conflict with the legislative intent, the agency's interpretation is inapplicable."

3. *See also State ex rel. Holbert v. Robinson*, 134 W.Va. 524, 531, 59 S.E.2d 884, 888 (1950): "Legislative intention is a cardinal rule of statutory construction and ascertainment of that intention involves consideration of the subject matter of the legislation, its purposes, objects and effects, in addition to its express terms [;]" syl. pts. 1 and 2, *McVey v. Chesapeake & Potomac Telephone Co.*, 103 W.Va. 519, 138 S.E. 97 (1927): "1. In construing a statute, effect should be given to the intent of the lawmakers. 2. It is a well recognized rule of construction that a thing within the intention is regarded within the statute, though not within the letter."

from an insurer's nonrenewal[4] of an automobile liability or physical damage insurance policy.

Pursuant to *W. Va. Code*, 33–6A–4 [1980], where a policy has been issued by Horace Mann and the policy has been in existence for two consecutive years or longer, Horace Mann may not fail to renew that policy unless the insured has [paraphrasing the statute] (a) breached the obligation to pay premiums, (b) obtained the policy through misrepresentations, (c) violated the terms and conditions of the policy, (d) forfeited his or her operator's license or lost the ability to operate a motor vehicle, (e) been convicted of or forfeited bail concerning certain offenses or (f) been at fault with regard to motor vehicle accidents.

An insured's avoidance of the above reasons for nonrenewal is recognized by the Legislature's grant, in the statute, of the renewal protection. We conclude that the Legislature intended that an insured, protected under *W. Va. Code*, 33–6A–4 [1980], would also have that protection upon obtaining additional policies from the same insurer for additional or replacement automobiles. The opposite result would be incompatible with the interests of the public and, specifically, with the intent of the Legislature to protect insurance consumers. Under the circumstances of this action, an arbitrary or unreasonable nonrenewal of a policy for an additional or replacement automobile would be inconsistent with the quasi-public character of the insurance industry. *See* syl. pt. 4, *Johnson, supra.*

■ Therefore, we hold that where an insurer has issued to its insured an automobile liability or physical damage insurance policy, which policy has been in existence for two consecutive years or longer, the insured is entitled to the renewal protection of *W. Va. Code*, 33–6A–4 [1980], i.e., that an insurer "may not fail to renew an outstanding automobile liability or physical damage insurance policy which has been in existence for two consecutive years or longer" except for the reasons enumerated in that statute; furthermore, an insured's existing renewal protection under *W. Va. Code*, 33–6A–4 [1980], applies with regard to additional policies issued by the insurer for additional or replacement automobiles acquired by the insured, and for such renewal protection the additional policies need not have been in existence for "two consecutive years or longer."

In so holding, we have not altered the business practice of Horace Mann of issuing separate policies for additional or replacement automobiles acquired by Horace Mann's insureds.[5] The additional policies are simply subject to the renewal protections of *W. Va. Code*, 33–6A–4 [1980], without the two-year requirement. *Cf. Steward v. Allstate Insurance Co.*, 92 Ill. App.3d 637, 47 Ill.Dec. 893, 415 N.E.2d 1206 (1980). Nor, in so holding, have we altered the methods or times of premium payment by an insured upon the various policies issued by Horace Mann. Moreover, once an additional policy of automobile liability or physical damage insurance has been issued, Horace Mann may, for one

---

**4.** Article 6A, chapter 33, of the *West Virginia Code* is entitled "Cancellation or Nonrenewal of Automobile Liability Policies." It should be noted that whereas, in that article, the "nonrenewal" of a policy is considered by the West Virginia Legislature in *W. Va. Code*, 33–6A–4 [1980], the "cancellation" of a policy is considered in a different statute—*W. Va. Code*, 33–6A–1 [1982]. *W. Va. Code*, 33–6A–1 [1982], provides:

No insurer once having issued or delivered a policy providing automobile liability insurance in this State insuring a private passenger automobile shall, after the policy has been in effect for sixty days, or in case of renewal effective immediately, issue or cause to issue a notice of cancellation during the term of the policy except for one or more of the following

specified reasons: . . . [The reasons numbered (a) through (e) under *W. Va. Code*, 33–6A–1 (1982), are relatively similar to the reasons (a) through (f) enumerated in *W. Va. Code*, 33–6A–4 (1980) ].

As to the distinction between "nonrenewal" and "cancellation," *see* 17 G. Couch, *Cyclopedia of Insurance Law* § 67:39 (2d ed. 1983), and 18 G. Couch, *Cyclopedia of Insurance Law* § 68:6 (2nd ed. 1983).

**5.** In *W. Va. Code*, 33–1–16 [1957], "policy" is defined as "the contract effecting insurance, or the certificate thereof, by whatever name called, and includes all clauses, riders, endorsements and papers attached thereto and a part thereof." *See also W. Va. Code*, 33–6–1, *et seq.*

or more of the reasons [ (a) through (f) ] of *W.Va. Code*, 33–6A–4 [1980], "fail to renew" that policy.

Therefore, upon all of the above, the final order of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.