THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DONALD COCHRAN, Defendant-Appellant.

Fifth District   No. 5—86—0577

Opinion filed April 4, 1988.

Daniel M. Kirwan and Larry R. Wells, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KARNS delivered the opinion of the court:

Defendant, Donald Cochran, was indicted for murder in February of 1973 and subsequently found unfit to stand trial until September of 1985. On December 9, 1985, after a bench trial, defendant was found to be not guilty by reason of insanity. In January of 1986, the circuit court of Jefferson County found defendant to be subject to involuntary commitment for the term of his natural life. Defendant appeals from this order arguing that the court erred in ruling that a term of natural life is the upper limit for release under the not guilty by reason of insanity statutes.

■ Section 5—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—2—4(b)) provides in part:

"If the Court finds the defendant subject to involuntary admission *** [s]uch period of commitment shall not exceed the maximum length of time that the defendant would have been required to serve, less credit for good behavior, before becoming eligible for release had he been convicted of and received the maximum sentence for the most serious crime for which he has been acquitted by reason of insanity."

It is the court's duty under this statute to determine by reference to the relevant sentencing scheme the maximum sentence that could have been imposed upon conviction for the most serious crime charged, less credit for good behavior. (*People v. Tanzy* (1983), 99 Ill. 2d 19, 21, 457 N.E.2d 390, 391; *People v. Tedford* (1982), 109 Ill. App. 3d 195, 196, 440 N.E.2d 329, 330.) The issue here is what is the maximum sentence for murder allowable under section 5—2—4(b).

Section 5—8—1(a)(1) of the Unified Code of Corrections (Ill. Rev.

Stat. 1985, ch. 38, par. 1005—8—1(a)(1)) provides that the term for murder shall be not less than 20 years and not more than 40 years. Section 5—8—1(a)(1) also provides that if the court finds the murder was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty, natural life imprisonment can be imposed. Defendant argues the legislature never intended to include natural life as a "maximum sentence" or a maximum criminal commitment period for an insanity acquittee. Defendant further contends the extended-term provisions set forth in section 5—8—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2) are not applicable to section 5—2—4(b) commitment. We disagree in both instances.

■■ ■ In construing a statute, we must look first to the words employed by the legislature. We may not alter the plain meaning of those words or read any limitations into the statute that do not exist. (See, *e.g.*, *People v. Larson* (1985), 132 Ill. App. 3d 594, 596, 478 N.E.2d 439, 442-43.) Section 5—2—4(b) does not qualify or limit the phrase "maximum sentence" in any manner. By comparison, section 104—25(g)(4) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 104—25(g)(4)), pertaining to the maximum period of treatment of an unfit defendant, defines maximum sentence as that established by section 5—8—1, "excluding any sentence of natural life." If the legislature wished to impose similar limitations for persons found not guilty by reason of insanity, it could have easily done so. Since the legislature chose not to limit section 5—2—4(b), we will not do so either.

■ Defendant argues, however, based on *People v. Larson* (1985), 132 Ill. App. 3d 594, 478 N.E.2d 439, that natural life is not a permissible commitment period under section 5—2—4(b) because part of the statute would be rendered a nullity if allowed. Since credit for good behavior is not permitted when a term of natural life is imposed, according to *Larson*, the language in section 5—2—4(b) which automatically gives insanity acquittees such credit would be superfluous. (132 Ill. App. 3d at 597, 478 N.E.2d at 443.) While we accept the First District's reasoning pertaining to the applicability of the extended-term provisions of section 5—8—2 to section 5—2—4(b) commitment, we must reject this aspect of the court's decision. Merely because good-time credit is not available for natural life sentences does not render the language of section 5—2—4(b) superfluous. The good-conduct credit is still applicable to insanity acquittees found to have committed offenses other than murder accompanied by exceptionally brutal or heinous behavior. If we were to accept defendant's (and the

First District's) position, we would have to ignore the language of section 5—8—1(a)(1)(c). When a defendant has previously been convicted of murder or is found guilty of murdering more than one victim, natural life imprisonment is mandatory. (See *People v. Taylor* (1984), 102 Ill. 2d 201, 464 N.E.2d 1059.) This is the sentence set by law under these circumstances. If faced with a defendant acquitted by reason of insanity of two murders, a court would have no choice but to set the defendant's commitment period at natural life. (See *People v. Leppert* (1982), 105 Ill. App. 3d 514, 520, 434 N.E.2d 21, 25.) We therefore read the language of section 5—2—4(b) to mean an insanity acquittee is entitled to whatever good-time credit is permitted for that particular offense. Nor do we find that the imposition of a natural life sentence undermines the legislative objective of having a definite outer perimeter to a defendant's commitment period (see *Larson,* 132 Ill. App. 3d at 598, 478 N.E.2d at 443). A definite outer perimeter has been set, defendant's natural life. Defendant still has the possibility for early release if he ever should regain his sanity. (See *Larson,* 132 Ill. App. 3d at 598, 478 N.E.2d at 444; Ill. Rev. Stat. 1985, ch. 38, pars. 1005—2—4(d), (e), (h).) As the court noted in *Larson,* "[t]he purpose of criminal commitment is the treatment of the acquittee's mental illness and the length of confinement is limited to the time necessary for his recovery." 132 Ill. App. 3d at 598, 478 N.E.2d at 444.

■ Having determined that the maximum period of criminal commitment under section 5—2—4(b) can include natural life (as well as the extended terms of section 5—8—2), we still must remand this cause for further proceedings. It is unclear from the record before us whether the trial court believed natural life is always required when dealing with an insanity acquittee who committed murder or whether the court found this murder to be accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty. While we hold that natural life is a permissible maximum commitment period, it must be supported by a finding of the existence of factors in aggravation. (See *Larson,* 132 Ill. App. 3d at 596, 598, 478 N.E.2d at 442, 444.) We therefore remand this cause for further proceedings consistent with this opinion.

Reversed and remanded, with directions.

HARRISON, P.J., and WELCH, J., concur.