THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN CROSS, Defendant-Appellant.

First District (2nd Division)   No. 1—92—1711

Opinion filed July 31, 1995.

Rita A. Fry, Public Defender, of Chicago (Paul D. Bellendir and Jeffrey Howard, Assistant Public Defenders, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Marie Quinlivan Czech, and Michael K. Goldberg, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McCORMICK delivered the opinion of the court:

Following a bench trial, defendant John Cross was found not guilty of the murders of two persons by reason of insanity. On September 16, 1982, the trial court found defendant to be in need of mental health services on an in-patient basis and ordered defendant committed to the Department of Mental Health and Developmental Disabilities (Department) for treatment. The order of commitment failed to specify the maximum period of commitment to the Department, as required by section 5—2—4(b) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—4(b)).

Defendant subsequently filed a petition for discharge, represent-

ing that he was no longer subject to involuntary commitment by the Department. Defendant's petition was denied, and we affirmed in an unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23). *People v. Cross* (1989), 181 Ill. App. 3d 1114, 558 N.E.2d 448.

In May 1990, pursuant to *People v. Thiem* (1980), 82 Ill. App. 3d 956, 403 N.E.2d 647, and section 5—2—4(b) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—4(b)), the trial court determined that a natural life sentence is to be utilized as the maximum period of defendant's involuntary commitment. The date ending the maximum period of involuntary commitment under section 5—2—4(b) is commonly known as the *Thiem* date.

The sole issue presented for our review in the case at bar is whether a term of commitment to the Department, for natural life, is an available sentence to be utilized as the *Thiem* date.

Section 5—2—4(a) of the Code provides that a person who is found not guilty of a felony by reason of insanity and is in need of mental health services on an in-patient basis shall be ordered committed to the Department. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—4(a).) Section 5—2—4(b) also provides:

> "[The] period of commitment shall not exceed the maximum length of time that the defendant would have been required to serve, less credit for good behavior, before becoming eligible for parole had he been convicted of and received the maximum sentence for the most serious crime for which he has been acquitted by reason of insanity." Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—4(b).

Defendant, relying on *People v. Larson* (1985), 132 Ill. App. 3d 594, 478 N.E.2d 439, argues that the utilization of natural life as a period of commitment is not appropriate under section 5—2—4(b) of the Code. Defendant reasons that a natural life *Thiem* date nullifies the statutory credit for good behavior under this section of the Code.

In *Larson,* the court stated that a natural life sentence would render superfluous that language in section 5—2—4(b) which gives insanity acquittees credit for good behavior; no such credit is permitted when a term of natural life is imposed. (*Larson,* 132 Ill. App. 3d at 597.) The *Larson* court further reasoned that the "use of a natural life sentence would undermine the legislative objective that a definite outer perimeter to defendant's commitment period be set at the time the initial commitment order is issued. (See *People v. Tanzy* (1983), 99 Ill. 2d 19, 21.)" *Larson,* 132 Ill. App. 3d at 598.

A careful reading of *Larson* leads us to reject it as authority for the conclusion that a sentence of natural life cannot be utilized as the *Thiem* date. In *Larson,* the defendant, an insanity acquittee, ap-

pealed from an order utilizing the extended-term provision of the Code to increase the maximum period of commitment from 40 to 80 years, less time credited for good behavior. The issue raised in the *Larson* appeal was whether the utilization of the extended-term provisions of the Code (Ill. Rev. Stat., 1978 Supp., ch. 38, pars. 1005—8—2, 1005—5—3.2(b)(2)) were proper under the facts of that case. The State contended that the trial court should have utilized a sentence of natural life pursuant to section 5—8—1(a)(1) of the Code, which specifies the period of imprisonment for felony convictions (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)(1)). Section 5—8—1(a)(1) is separate from the extended-term period of imprisonment specified in section 5—8—2 of the Code (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—2) and was not an issue in *Larson*. The State's contention merely coaxed the *Larson* court to address an issue outside the scope of the appeal. Since that issue, the utilization of a natural life sentence, was not before the *Larson* court, the court's comments are *dicta*.

■ We believe that *People v. Cochran* (1988), 167 Ill. App. 3d 830, 522 N.E.2d 261, *appeal denied* (1988), 122 Ill. 2d 581, 530 N.E.2d 253, and *People v. Palmer* (1990), 193 Ill. App. 3d 745, 550 N.E.2d 696, *aff'd & rev'd in part on other grounds* (1992), 148 Ill. 2d 70, 592 N.E.2d 940, which both rejected the *Larson dicta* identified here, are dispositive of this issue. In *Cochran*, after a bench trial, the defendant was found to be not guilty of murder by reason of insanity. The *Cochran* court, in construing section 5—2—4(b) of the Code, stated:

> "Section 5—2—4(b) does not qualify or limit the phrase 'maximum sentence' in any manner. By comparison, section 104—25(g)(4) of the Code of Criminal Procedure of 1963 [citation], pertaining to the maximum period of treatment of an unfit defendant, defines maximum sentence as that established by section 5—8—1, 'excluding any sentence of natural life.' If the legislature wished to impose similar limitations for persons found not guilty by reason of insanity, it could have easily done so. Since the legislature chose not to limit section 5—2—4(b), we will not do so either." (*Cochran*, 167 Ill. App. 3d at 832.)

The *Cochran* court, in rejecting the *Larson* court's superfluous language rationale, also stated that although good-time credit is not available to a committed defendant when courts establish natural life as the maximum commitment term, the language of section 5—2—4(b), providing credit for good behavior, is not rendered superfluous: the good-conduct credit provisions are available to other insanity acquittees not subject to natural life as a period of commitment. The *Cochran* court further stated that if it were to accept the

*Larson* court's position, it would have to ignore the language of section 5—8—1(a)(1)(c) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(a)(1)(c)), which provides that natural life imprisonment is mandatory where a defendant has previously been convicted of murder or is found guilty of murdering more than one victim.

■ We also reject defendant's second argument that, based on *Larson*, the use of a natural life sentence would undermine the legislative objective of a definite outer perimeter to a defendant's commitment period (see *Larson*, 132 Ill. App. 3d at 598). In responding to an identical argument made by the defendant in *Cochran*, the court stated:

> "A definite outer perimeter has been set, defendant's natural life. Defendant still has the possibility for early release if he ever should regain his sanity. (See *Larson*, 132 Ill. App. 3d at 598, 478 N.E.2d at 444; Ill. Rev. Stat. 1985, ch. 38, pars. 1005—2—4(d), (e), (h).) As the court stated in *Larson*, '[t]the purpose of criminal commitment is the treatment of the acquittee's mental illness and the length of confinement is limited to the time necessary for his recovery.' 132 Ill. App. 3d at 598, 478 N.E.2d at 444." *Cochran*, 167 Ill. App. 3d at 833.

The *Palmer* court, after considering *Larson* and *Cochran*, also held that a natural life sentence may be utilized as the period of commitment for an insanity acquittee, and specifically disagreed with the reasoning of the *Larson* court to the contrary. Although *Palmer* was appealed to our supreme court (*People v. Palmer* (1992), 148 Ill. 2d 70, 592 N.E.2d 940), that court decided the case on other grounds, without addressing the issue of whether a natural life sentence can be utilized as the *Thiem* date.

We agree with the holdings in *Cochran* and *Palmer* that a sentence of natural life may be utilized as the maximum period of commitment required under section 5—2—4(b) of the Code (Ill. Rev. Stat. 1981, ch. 38, par. 1005—2—4(b)). The natural life sentence utilized in the case at bar is not an extended-term sentence, but is a mandated sentence under section 5—8—1(a)(1)(c) of the Code based upon a multiple homicide. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—1(a)(1)(c).) Therefore, we affirm the judgment of the circuit court.

Affirmed.

SCARIANO, P.J., and DiVITO, J., concur.