THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SHIRLEY J. TANZY, Defendant-Appellant.

Third District   No. 81—582

Opinion filed July 12, 1982.—Rehearing denied August 31, 1982.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

On November 17, 1977, Shirley Tanzy, the defendant, was charged with attempt murder (Ill. Rev. Stat. 1977, ch. 38, pars. 8—4(a), 9—1(a)(1)), and cruelty to a child (Ill. Rev. Stat. 1977, ch. 23, par. 2368). A bench trial ensued. On March 8, 1978, a Kankakee County circuit judge acquitted defendant on the charges by reason of her insanity at the time the offenses occurred. Defendant was committed to the Department of Mental Health for one year. On July 2, 1979, defendant's petition for discharge was denied. On September 2, 1981, a hearing was conducted so the trial court could set a maximum period of commitment for defendant. (*People v. Thiem* (1980), 82 Ill. App. 3d 956.) The trial judge committed defendant to the Department of Mental Health for her life. Defendant appeals from this order.

Because the trial court erred in concluding she had a maximum term of commitment for life, Mrs. Tanzy contends, this cause must be reversed and remanded for a new commitment hearing. The People agree that error occurred in calculating the maximum period of commitment, but say no remand is necessary.

The statute (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—4(b)) in effect at the time defendant was acquitted defines a trial judge's responsibility as to committing such a defendant. It provided, in part:

"*** that the initial order for admission of a defendant acquitted of a felony by reason of insanity shall be for an indefinite period of time; provided, however, that such period of commitment shall not exceed the maximum length of time that the defendant would have been required to serve, less credit for good behavior, before becoming eligible for parole had he been convicted of and received the maximum sentence for the most serious crime for which he has been acquitted by reason of insanity."

Under this statute a trial judge's duty is reasonably clear. He must determine the most punitive sanction that could have been imposed upon conviction for the most serious crime charged less credit for

good behavior. The time for commitment is indefinite. But by operation of law the maximum period of commitment is computed by reference to the relevant sentencing scheme. What this means is that the sentencing judge is charged with the duty of determining the maximum possible sentence, less credit for good behavior. That period is then established as the outer limit of the defendant's commitment. The commitment is, of course, indefinite. Thus, the defendant may be released at any time up to that maximum if determined to be sane. If not determined to be sane, however, the defendant cannot be held beyond that maximum under this particular commitment scheme. Commitment beyond that time could only arise by virtue of other proceedings.

If defendant had been convicted for attempt murder, the maximum time she would have to serve in prison before becoming eligible for parole was 20 years. (Ill. Rev. Stat. 1977, ch. 38, par. 1003—3—3(a)(1).) When statutory credit for good behavior is computed, that term could possibly be reduced to 15 years. (Ill. Rev. Stat. 1977, ch. 38, par. 1003—6—3(a).) Hence, this maximum period less time off for good behavior is the length of time for which defendant could be committed to the Department of Mental Health.

The trial judge was wrong in computing the defendant's commitment order. If defendant had been convicted of attempt murder, life imprisonment was not a possible punishment. Also, in his commitment order, the trial judge did not make clear whether he was using the old indeterminate sentencing scheme (Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—1 *et seq.*), or the new determinate sentencing statute (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—1 *et seq.*), which became effective February 1, 1978. Mrs. Tanzy was originally committed on March 8, 1978.

Under the new determinate sentencing statute, defendant was subject to a maximum penalty, if convicted of attempt murder, of 30 years imprisonment. (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4(c)(1), 1005—8—1(3).) When one day's credit against the aggregate sentence is allowed for each day served, the 30-year term is reduced to 15 years. (Ill. Rev. Stat. 1979, ch. 38, par. 1003—6—3(2).) Interestingly, and coincidentally, the maximum sentence under the old sentencing statute is exactly the same as under the new act when the statutory good-time credit is allocated. Thus, although the judge erred in not specifying which act was being utilized, and further erred in not determining whether defendant was competent to make an election as to which statute she wanted utilized, such errors were harmless. The result is the same. If competent for the purpose of making an election, defendant should be allowed to elect. The defendant has the statutory right (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4(b)) to have the maximum period of commitment computed

under the sentencing statute existing at the time the offense was committed (Ill. Rev. Stat. 1977, ch. 38, par. 1005—1—1 *et seq.*), or at the time she was committed (Ill. Rev. Stat. 1979, ch. 38, par. 1005—1—1 *et seq.*).

The People urge we calculate the term of the commitment order, set the maximum penalty, and not remand the case. We agree this should be done for reasons of judicial economy. Since the only correct sentence that could have been imposed in this cause under either the old or new sentencing statutes was 15 years, we fix the maximum term of commitment at 15 years. Remand here would serve no useful purpose.

The fact that a defendant sentenced to prison may be eligible for compensatory good-time credits to further reduce a sentence is a factor which a trial judge cannot take into consideration in this type of insanity commitment. Compensatory good time is administered by the Department of Corrections and is based on the inmate's conduct while in prison. If a prisoner performs meritorious service while in prison, reduction in prison time can accrue; otherwise, no reduction is possible. Consequently, the proper calculation of such credits, if any, is left to the Department of Corrections. In the case of an insanity commitment, we do not believe the defendant is entitled to such credits. Mrs. Tanzy is not imprisoned. She is committed for an indefinite term with an outer limit of 15 years. She can be released at any point sooner than 15 years that her mental condition warrants.

For the reasons stated, we reverse the judgment of the Kankakee County circuit court fixing the defendant's commitment to the Department of Mental Health at life. We fix her maximum term of commitment to the Department of Mental Health at 15 years. The order of commitment is modified accordingly.

Reversed. Judgment modified.

BARRY, P.J., and ALLOY, J., concur.