THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES TEDFORD, Defendant-Appellant.

Second District   No. 81—561

Opinion filed September 14, 1982.

Robert Morrow, State's Attorney, of Geneva (Phyllis J. Perko, of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Defendant, James Tedford, appeals from an order of the circuit court of Kane County committing him to the Department of Mental Health for a period of 24 years after his acquittal of murder by reason of insanity. He contends the trial court erred in determining his maximum period of involuntary confinement.

Defendant was charged with murder on November 23, 1977; he was subsequently found unfit to stand trial and placed in custody of the Department of Mental Health. After psychiatric evaluation, the State stipulated that defendant was psychotic at the time of the offense and on February 21, 1980, a judgment was entered finding him not guilty by reason of insanity. On July 16, 1981, the trial court fixed defendant's maximum term of involuntary commitment at 24 years in the custody of the Department of Mental Health.

Defendant asserts the trial court erred in determining the period of commitment by failing to allow him to elect to have his maximum term of involuntary commitment fixed with reference to the indeterminate sentencing scheme in effect at the time of the offense (Ill.

Rev. Stat. 1977, ch. 38, par. 1005—8—1(b)(1)). The State agrees that defendant had such an election and confesses error. We concur.

A defendant acquitted by reason of insanity is subject to involuntary commitment pursuant to section 5—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—2—4(b)), which is identical in relevant part to that in effect at the time of the offense in this case. (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—4(b).) This provision provides that:

> "[T]he initial order for admission of a defendant acquitted of a felony by reason of insanity shall be for an indefinite period of time; provided, however, that such period of commitment shall not exceed the maximum length of time that the defendant would have been required to serve, less credit for good behavior, before becoming eligible for parole had he been convicted of and received the maximum sentence for the most serious crime for which he has been acquitted by reason of insanity."

Under the statute, the period of commitment may not exceed the term of the most punitive sanction which could have been imposed upon conviction for the most serious crime charged, less credit for good behavior. While the time of involuntary commitment is indefinite, the maximum period is limited by reference to the relevant sentencing scheme. The maximum term for murder at the time of the offense in this case was any term in excess of 14 years (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(b)(1)), less good time credit to be deducted pursuant to administrative regulation of the Department of Corrections. The sentencing provision in effect at the time of the commitment hearing provided for a term of not less than 20 nor more than 40 years (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(1)(a)) with good time credit for diminution of sentence to be computed on a day for day basis pursuant to section 3—6—3(a) (Ill. Rev. Stat. 1979, ch. 38, par. 1003—6—3(a)). To determine which provision is applicable in a given case, section 8—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1008—2—4(b)) provides in relevant part:

> "If the defendant has not been sentenced before the effective date of this amendatory Act of 1977, he shall have the right to elect to be sentenced under the law as it existed at the time of his offense or under the law in effect on and after the effective date of this amendatory Act of 1977."

The trial court erred in not allowing defendant to elect to be committed to an indefinite period of involuntary confinement under the sentencing scheme in effect at the time of the offense. (*People v.*

*Tanzy* (1982), 108 Ill. App. 3d 59; *People v. Thiem* (1980), 82 Ill. App. 3d 956, 962, 403 N.E.2d 647, 652.) In this case, that would have resulted in defendant's parole eligibility in 11 years and 3 months, regardless of the maximum sentence imposed for the offense of murder, and the period of commitment may not exceed that time.

We note that while defendant has not been "sentenced" as such, commitment in these circumstances is involuntary, quasi-criminal in nature and results in a period of "criminal" commitment. (*Raimondo v. Pavkovic* (1982), 107 Ill. App. 3d 226, 230, 437 N.E.2d 712, 715.) In such circumstances defendant was entitled to an election. *People v. Tanzy* (1982), 108 Ill. App. 3d 59; *People v. Thiem* (1980), 82 Ill. App. 3d 956, · 962, 403 N.E.2d 647, 652.

Accordingly, that portion of the trial court's order subjecting defendant to a maximum commitment of 24 years is vacated and he is committed to the Department of Mental Health for an indefinite period not to exceed 11 years, 3 months. The order of commitment is so modified.

Judgment vacated in part, modified and affirmed.

REINHARD and VAN DEUSEN, JJ., concur.