(No. 57264.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. SHIRLEY TANZY, Appellant.

*Opinion filed December 1, 1983.*

Robert Agostinelli, Deputy Defender, and Sue Augustus, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Michael B. Weinstein, Jack Donatelli, and James E. Fitzgerald, Assistant Attorneys General, of Chicago, of counsel), for the People.

JUSTICE WARD delivered the opinion of the court:

The question in this appeal is whether a defendant acquitted by reason of insanity and thereafter committed to the Department of Mental Health and Developmental Disabilities (the Department) under an indeterminate sentence is entitled to deduction of compensatory good-time credits under administrative regulations, in addition to statutory good time, in determining the maximum term for which the defendant may be committed. The circuit court of Kankakee County and the appellate court

held that Shirley Tanzy, the defendant here, was not entitled to the additional award of compensatory good-time credit (108 Ill. App. 3d 59). We allowed the defendant's petition for leave to appeal (87 Ill. 2d R. 315).

On November 15, 1977, the State's Attorney of Kankakee County filed an information charging Shirley Tanzy with attempted murder (Ill. Rev. Stat. 1977, ch. 38, pars. 8—4(a), 9—1(a)(1)) and cruelty to a child (Ill. Rev. Stat. 1977, ch. 23, par. 2368). Following a bench trial on March 8, 1978, the circuit court found the defendant not guilty by reason of insanity. She was committed to the Department pursuant to statute for an initial period not to exceed 12 months. Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—4.

On September 2, 1981, a hearing was conducted to determine the maximum period for which the defendant could be committed. (See *People v. Thiem* (1980), 82 Ill. App. 3d 956.) The circuit court determined the maximum term to be commitment for life. (Under section 5—2—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—4(b)) upon acquittal of a felony by reason of insanity the trial judge must determine the maximum sentence that could have been imposed upon conviction for the most serious crime charged, less credit for good behavior. The maximum period for which the insane person can be committed is determined by reference to the sentencing scheme. The maximum thus determined will represent the outer limit of the defendant's possible commitment. The defendant cannot be held beyond that maximum. In a real sense, of course, the commitment of such a defendant is, of course, indefinite because the person may be released at any time he or she is determined to be sane.) On appeal, the appellate court held the circuit court had erred in its calculation of the maximum term of commitment and also in not determining whether the defendant was competent

to make the election provided by statute as to whether she wished to be sentenced under the provisions of the Criminal Code of 1961 as of the date of the commission of the offenses or as of the date of commitment to the Department. 108 Ill. App. 3d 59; see Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1008—2—4(b); *People v. Tedford* (1982), 109 Ill. App. 3d 195.

The appellate court concluded that the maximum period of commitment could not exceed 15 years under either election. This was determined by calculating the amount of statutory good time to which the defendant was entitled. The appellate court, however, held that compensatory good-time credit under the administrative regulations could not be credited, stating that compensatory good-time credit is to be administered only by the Department of Corrections and is to be based upon an inmate's conduct while in a prison. The court held that in the case of a commitment for insanity the committed person would not be entitled to compensatory good-time credit.

Too, the appellate court held that the error of the trial court in determining that the defendant's maximum term of commitment was for life was not prejudicial. When statutory good time is calculated, the court noted, the life term could have been reduced to 15 years also.

The appellate court erred in holding that the defendant could not be eligible for compensatory good-time credits because she was not committed to a prison.

The court stated:

"The fact that a defendant sentenced to prison may be eligible for compensatory good-time credits to further reduce a sentence is a factor which a trial judge cannot take into consideration in this type of insanity commitment. Compensatory good time is administered by the Department of Corrections and is based on the inmate's conduct while in prison. If a prisoner performs meritorious service while in prison, reduction in prison time can

accrue; otherwise, no reduction is possible. Consequently, the proper calculation of such credits, if any, is left to the Department of Corrections. In the case of an insanity commitment, we do not believe the defendant is entitled to such credits. Mrs. Tanzy is not imprisoned." 108 Ill. App. 3d 59, 62.

The court, however, did not consider *Hampton v. Rowe* (1980), 88 Ill. App. 3d 352, where it was held that the denial of compensatory good-time credit to one serving time in the county jail prior to his conviction and sentencing denied equal protection. The court in *Hampton* noted that Department of Corrections Regulation 866, which originally permitted compensatory good-time credit to inmates performing work assignments or participating in educational, vocational or therapeutic programs at correctional institutions, had been revised because there were not enough jobs or programs available to accommodate inmates who sought compensatory good-time credit. The court held that the revised Regulation 866 opened eligibility for compensatory good-time credit to all inmates within the Department of Corrections, as eligibility was no longer dependent upon the performance of work assignments or other meritorious activity by the inmate.

That holding was followed by the court in *In re Commitment of Coppersmith* (1982), 108 Ill. App. 3d 161, where circumstances similar to those here were involved. The defendant was charged with murder and prior to trial had been confined in the county jail. After having been found not guilty by reason of insanity, he was committed to the Department of Mental Health and Developmental Disabilities. The court, relying principally on the holding in *Hampton*, held that it could observe no real distinction between the prisoner there and the defendant before it who was in the custody of the Department. There was no reason, the court concluded, why a defendant committed to the Department should be treated differently than the plaintiff in *Hampton*.

The legislature has provided that, in the case of a defendant acquitted of a felony by reason of insanity, the commitment shall not exceed the maximum length of time the defendant would have been required to serve, less credit for good behavior. To hold that only imprisoned persons would be eligible for compensatory good-time credit would penalize insane persons of this class and unreasonably favor those who had been convicted.

For the reasons given, that portion of the judgment of the appellate court reversing the judgment of the circuit court is affirmed; the portion of the judgment fixing the term of the defendant's commitment is vacated. The judgment of the circuit court of Kankakee County is reversed, and the cause is remanded to that court for further proceedings consistent with this opinion.

*Appellate court affirmed in part and vacated in part; circuit court reversed; cause remanded.*