THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY PASTEWSKI, Defendant-Appellant.

Third District   No. 3—92—0394

Opinion filed October 12, 1993.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Stanley Pastewski, was charged with attempted arson and was found not guilty by reason of insanity. Thereafter, the trial court committed the defendant to the Illinois Department of Mental Health and Developmental Disabilities (hereinafter the Department of Mental Health) for a period not to exceed 14 years. The defendant appeals. We reverse and remand for proceedings consistent with this opinion.

The record shows that on May 14, 1992, a hearing was held at which defense counsel stipulated to a report which indicated that the defendant was subject to involuntary commitment. A discussion was then held concerning the maximum period to which the defendant could be committed. The defendant argued that the maximum term was seven years, less day-for-day good time credit and 180 days of good conduct credit. The State argued that based on a prior arson conviction, the defendant was eligible for an extended-term sentence. The State therefore requested that 14 years be set as the maximum term of commitment.

Following arguments, the trial court found the defendant to be subject to involuntary admission on an inpatient basis and committed the defendant to the Department of Mental Health. Based on the prior conviction, the court found that the defendant was eligible for an extended term of commitment. The court set the maximum term the defendant could serve at 14 years, less credit for 622 days already served. The court denied the defense request for 180 days of good conduct credit. However, it allowed the defendant day-for-day credit and set August 31, 1997, as the maximum period of commitment.

On appeal, the defendant first argues that the trial court erred in using the extended-term sentencing provision to determine his period of commitment. He alleges that the term of commitment for an insanity acquittee should never exceed the nonextended term of imprisonment for the offense. We agree.

■ The maximum period for an involuntary commitment shall not exceed the maximum length of time that the defendant would have been required to serve, less credit for good behavior, before becoming eligible for release had he been convicted of and received the maximum sentence for the most serious crime for which he has been acquitted by reason of insanity. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—2—4(b).) We note that the Illinois Supreme Court has explicitly stated

that "[t]he maximum period of commitment for an insanity acquittee may not be based upon the extended-term statute." *People v. Palmer* (1992), 148 Ill. 2d 70, 94, 592 N.E.2d 940, 951.

In the case at hand, the State asks this court to limit the holding of *Palmer*. The State argues that our supreme court's holding in *Palmer* was expressed in overbroad terms. We note that the issue presented in *Palmer* was whether the extended-term statute could apply to an insanity acquittee when the underlying crime involved brutal and heinous behavior. Our supreme court concluded that it could not. However, as noted above, it did *not* limit its holding to that issue. Instead, it specifically held that an insanity acquittee's term of commitment could not be based upon the extended term statute. Since our supreme court did not limit its holding, we are bound by its ruling. Accordingly, we conclude that the trial court erred in utilizing the extended-term statute to increase the defendant's period of commitment.

The defendant next argues that the trial court erred in refusing him an additional 180 days of good conduct credit when it determined the length of his commitment term.

The Department of Corrections shall prescribe rules and regulations for the early release on account of good conduct of persons committed to the Department. Such rules and regulations shall provide that the Director of the Department *may* award up to 180 days' additional good conduct credit for meritorious service in specific instances as the Director deems proper. (Ill. Rev. Stat. 1991, ch. 38, par. 1003—6—3(a)(3).) With regard to good conduct credit, an individual in the custody of the Department of Mental Health should be treated the same as an individual in the custody of the Department of Corrections. See *In re Commitment of Coppersmith* (1982), 108 Ill. App. 3d 161, 438 N.E.2d 1267.

■ In the case at hand, we decline to find that the trial court erred in refusing to award the defendant an additional 180 days of good conduct credit. As the statute cited above indicates, the awarding of good conduct credit is discretionary. Therefore, whether the defendant is entitled to the credit is a matter for the Director of the Department of Mental Health to decide. However, on remand, when the trial court recalculates the defendant's release date, it should inform the Director that the defendant may be released 180 days prior to that date if the Director finds that the defendant is entitled to all of his good conduct credit.

For the reasons indicated, the judgment of the circuit court of Will County is reversed and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER and LYTTON, JJ., concur.