Defendant, Robert G. Detert, was charged with multiple counts of harassment of a witness (720 ILCS 5/32-4a(a)(2) (West 2000)), a Class 2 felony. Following a bench trial, he was found not guilty by reason of insanity. The trial court found that defendant was in need of mental health services on an inpatient basis and ordered him to the Department of Human Services. The court found the maximum period of commitment to be 7 years less 31/2 years' credit for good behavior. Defendant appeals, arguing that while the trial court correctly awarded defendant the mandatory day-for-day good-conduct credit *Page 609 
under section 3-8-3(a)(2.1) of the Unified Code of Corrections (Code) (730 ILCS 5/3-6-3(a)(2.1) (West 2000)), the court should have awarded an additional 180 days of good-conduct credit under section 3-6-3(a)(3) of the Code (730 ILCS 5/3-6-3(a)(3) (West 2000)). We affirm.
Sections 5-2-4(a) and 5-2-4(b) of the Code (730 ILCS 5/5-2-4(a), (b) (West 2000)) provide that if it is determined that a defendant found not guilty by reason of insanity is in need of mental health services on an inpatient basis, the court shall order the defendant to the Department of Human Services for an indefinite period not to exceed "the maximum length of time that the defendant would have been required to serve, less credit for good behavior, before becoming eligible for release had he been convicted of and received the maximum sentence for the most serious crime for which he has been acquitted by reason of insanity." 730 ILCS 5/5-2-4(b) (West 2000). The court must determine the maximum period of commitment by an appropriate order (730 ILCS 5/5-2-4(b) (West 2000)), sometimes called a "Thiem" order. SeePeople v. Thiem, 82 Ill. App. 3d 956, 962 (1980).
Under section 3-6-3(a)(2.1) of the Code, with respect to all but certain enumerated offenses, the rules and regulations of the Department of Corrections (Department) shall provide that "a prisoner who is serving a term of imprisonment shall receive one day of good conduct credit for each day of his or her sentence of imprisonment."730 ILCS 5/3-6-3(a)(2.1) (West 2000). Section 3-6-3(a)(3) provides that "[t]he rules and regulations shall also provide that the Director [of the Department] may award up to 180 days additional good conduct credit for meritorious service in specific instances as the Director deems proper."730 ILCS 5/3-6-3(a)(3) (West 2000).
Citing People v. Kokkeneis, 259 Ill. App. 3d 404,407 (1994), defendant argues that for purposes of determining the maximum period of commitment under section 5-2-4(b), "credit for good behavior" includes not only day-for-day credit under section 3-6-3(a)(2.1), but also an additional 180 days under section 3-6-3(a)(3). Kokkeneis relied in large part on our supreme court's decision in People v.Tanzy, 99 Ill. 2d 19 (1983). As explained below, however,Tanzy involved a different type of sentencing credit and its reasoning does not extend to the issue now before us.
Initially, a brief foray into the development of Illinois sentencing law is in order. Prior to February 1, 1978, the Code implemented a system of indeterminate sentencing under which an offender's sentence consisted of a minimum term, after which the offender would be eligible for parole, and a maximum term, after which he or she *Page 610 
would be released if not paroled sooner. Under this system, the Department awarded "statutory good-time credits" (seePeople v. Lindsey, 199 Ill. 2d 460, 478 (2002)) at a progressive rate of one month for the first year of imprisonment, two months for the second year, and so on, until reaching a maximum credit of six months per year for the sixth and subsequent years (McGee v. Snyder,326 Ill. App. 3d 343, 346 (2001)). In addition, section 3-12-5 of the Code (Ill. Rev. Stat. 1975, ch. 38, par. 1003-12-5) provided that inmates holding prison jobs or participating in certain programs could receive additional good-conduct credit. As implemented by the Department, this credit, commonly known as "compensatory good-time credits" (see Lindsey,199 Ill. 2d at 478), accrued at a rate of 71/2 days per month (seeMcGee, 326 Ill. App. 3d at 346).
The General Assembly amended the Code effective February 1, 1978 (Pub. Act 80-1099, eff. February 1, 1978), to provide that offenders would receive a determinate sentence with a day-for-day good-conduct credit instead of the so-called "statutory" credit previously awarded. The amendatory act added section 3-6-3(b), which is at issue in this appeal, and repealed the portion of section 3-12-5 authorizing compensatory credits. Our supreme court has observed that the Department no longer has authority to award such credits.Johnson v. Franzen, 77 Ill. 2d 513, 516 (1979). Offenders sentenced on or after the effective date of the amendatory act for offenses committed prior to the effective date were entitled to elect whether to be sentenced under the old system or the new system. Ill. Rev. Stat. 1979, ch. 38, par. 1008-2-4(b).
In Tanzy, the defendant was charged in 1977 with attempted murder and cruelty to a child. She was tried in March 1978; thus, had she been found guilty, she would have been entitled to elect between a determinate and an indeterminate sentence. However, like the defendant in this case, she was found not guilty by reason of insanity. The appellate court held that for purposes of setting the defendant's release date under Thiem, she could not be eligible for compensatory good-time credit because she was not incarcerated by the Department.
Our supreme court reversed the appellate court's decision. The court relied on Hampton v. Rowe,88 Ill. App. 3d 352 (1980), and In re Commitment of Coppersmith,108 Ill. App. 3d 161 (1982). Hampton held that an inmate serving an indeterminate sentence was entitled to compensatory good-time credit for the time he spent in the county jail prior to trial in addition to statutory good-time credit during that period. The court noted that although the Department had originally awarded compensatory good-time credit only to inmates performing work assignments or participating in other education, vocational, or *Page 611 
therapeutic programs, there were not enough jobs and programs available for all inmates who sought the credit; consequently, the Department adopted a policy of awarding the credit to all inmates regardless of whether they held prison jobs or participated in prison programs. Hampton,88 Ill. App. 3d at 354. As such, the only difference between the statutory good-time credit that the inmate was receiving and the compensatory good-time credit that he was not receiving was "the amount and method of computation." Hampton,88 Ill. App. 3d at 354-55. The court reasoned that there was no rational basis for the Department's policy of awarding statutory good-time credit but withholding compensatory good-time credit for pretrial detention. The court concluded that the policy unfairly discriminated against those defendants detained in the county jail prior to trial in comparison with those free on bail. In Coppersmith, the court concluded that there was no logical distinction between the respondent in that case, who had been committed to a mental health facility after an insanity acquittal, and the inmate in Hampton. Coppersmith,108 Ill. App. 3d at 163-64. Accordingly, the court held that the respondent should have received compensatory good-time credit.Coppersmith, 108 Ill. App. 3d at 164.
The Tanzy court adopted the reasoning inHampton and Coppersmith and further observed:
 "The legislature has provided that, in the case of a defendant acquitted of a felony by reason of insanity, the commitment shall not exceed the maximum length of time the defendant would have been required to serve, less credit for good behavior. To hold that only imprisoned persons would be eligible for compensatory goodtime credit would penalize insane persons of this class and unreasonably favor those who had been convicted." Tanzy, 99 Ill. 2d at 24.
Kokkeneis, upon which defendant relies, cited Tanzy, Coppersmith, and Hampton in support of its holding that "defendant should have received the `compensatory good time credit' of 180 days provided in section 3-6-3(a)(3)." Kokkeneis,259 Ill. App. 3d at 409. We disagree with the holding. As seen, the term "compensatory goodtime credit" refers specifically to the 7 1/2-day-per-month credit administered by the Department under the system of indeterminate sentencing that was repealed over 25 years ago, and our supreme court has specifically stated that the Department no longer has authority to award these credits (Johnson, 77 Ill. 2d at 516). It was essential to the holdings in Tanzy, Coppersmith, andHampton that during the relevant time frame the Department awarded compensatory good-time credit toall inmates. In contrast, the credit under section 3-6-3(a)(3) *Page 612 
is discretionary and, so far as we are aware, the Department has no formal or informal policy of awarding the credit automatically. See People ex rel. Braver v.Washington, 311 Ill. App. 3d 179, 190 (1999) ("Unlike thecompensatory good time at issue in Hampton,meritorious good time [under section 3-6-3(a)(3)] * * * is not automatic but is given to all eligible inmates, based upon the [Director of the Department's] discretion after considering numerous factors" (emphasis in original)).
The State cites People v. Pastewski,251 Ill. App. 3d 358 (1993), rev'd on other grounds,164 Ill. 2d 189 (1995), which held that whether to award the section 3-6-3(a)(3) credit to insanity acquittees was a matter for the Director of the Department of Mental Health and Developmental Disabilities[1] to decide. Pastewski,251 Ill. App. 3d at 360. In our view, this approach is responsive to the underlying concern in Tanzy that sentencing credits should not be administered in a way that would penalize those who have been committed after an insanity acquittal and "unreasonably favor those who had been convicted." Tanzy, 99 Ill. 2d at 24.
We therefore hold that the trial court properly calculated defendant's maximum term of commitment, but the Director of the Department of Human Services may award defendant up to 180 days' additional good-conduct credit.
For the foregoing reasons, the judgment of the circuit court of Stephenson County is affirmed.
Affirmed.
McLAREN and GILLERAN JOHNSON, JJ., concur.
[1] The Department of Mental Health and Developmental Disabilities has been succeeded by the Department of Human Services. See 405 ILCS 5/1-105 (West 2000). *Page 613