# Illinois Official Reports

## Appellate Court

---

### *People v. Ferguson*, 2021 IL App (1st) 201013

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICCO FERGUSON, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Nos. 1-20-1013, 1-20-1332 cons. |
| Filed | July 23, 2021 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-CR-02185(01); the Hon. Michael B. McHale, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Sharone R. Mitchell Jr., Public Defender, of Chicago (Frank M. Adams, Assistant Public Defender, of counsel), for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Gina DiVito, and Iris G. Ferosie, Assistant State's Attorneys, of counsel), for the People. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Justices Connors and Oden Johnson concurred in the judgment and opinion. |

**OPINION**

¶ 1     Defendant, Ricco Ferguson, appeals the trial court's order denying his motion for 180 additional days of good conduct credit. On appeal, defendant contends that the trial court should have applied those days in calculating his maximum term of commitment to the Department of Human Services (IDHS). For the following reasons, we affirm.

¶ 2                                I. JURISDICTION

¶ 3     The trial court denied defendant's motion to reconsider on September 10, 2020. Defendant filed a notice of appeal on September 10, 2020. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered below.

¶ 4                                II. BACKGROUND

¶ 5     This consolidated appeal involves two separate charges against defendant. In case number 18 CR 2185, defendant was charged with one count of violating the Sex Offender Registration Act (730 ILCS 150/1 *et seq.* (West 2018)) by failing to maintain a fixed residence and failing to report weekly to the Chicago Police Department. In case number 18 CR 60109, defendant was charged with residential burglary, burglary, aggravated battery, unlawful restraint, and criminal trespass to a residence. Following a bench trial, defendant was found not guilty of all charges by reason of insanity. The trial court found defendant in need of mental health services on an inpatient basis and remanded him to the custody of IDHS. After a subsequent hearing, the court entered a *Thiem* date of December 13, 2057 (see *People v. Thiem*, 82 Ill. App. 3d 956 (1980)), representing the maximum limit of defendant's involuntary commitment.

¶ 6     Defendant filed a motion to correct the *Thiem* date to March 13, 2033. Defendant also argued that he was entitled to an additional 180 days of credit pursuant to section 3-6-3(a)(3) of the Unified Code of Corrections (Code) (730 ILCS 5/3-6-3(a)(3) (West 2018)). After a hearing, the trial court granted the motion to correct the date to March 13, 2033. However, the court found that it had no authority to apply the additional 180 days because "it's not part of the Thiem calculation." Rather, the 180 days' credit "is at the discretion of the Director" of IDHS.

¶ 7     Defendant filed a motion to reconsider and attached the sworn affidavit of Daniel Dyslin, a senior deputy general counsel for IDHS. In his affidavit, Dyslin stated that IDHS receives a court order with the *Thiem* date and, once received, it does not alter the date. Dyslin was "not aware of any statutes, rules, policies or procedures that would allow IDHS to modify the *Thiem* date." After the trial court denied defendant's motion to reconsider, defendant filed this appeal.

¶ 8                                III. ANALYSIS

¶ 9     Section 5-2-4(b) of the Code provides that the commitment period of a defendant acquitted of a felony by reason of insanity

> "shall not exceed the maximum length of time that the defendant would have been required to serve, less credit for good behavior as provided in Section 5-4-1 of the Unified Code of Corrections, before becoming eligible for release had he been convicted of and received the maximum sentence for the most serious crime for which

he has been acquitted by reason of insanity. The Court shall determine the maximum period of commitment by an appropriate order." *Id.* § 5-2-4(b).

¶ 10 Pursuant to section 5-2-4(b), the trial court must determine and fix a definite maximum period of commitment. *Thiem*, 82 Ill. App. 3d at 962. This maximum period is referred to as the *Thiem* date. The *Thiem* date "is determined by reference to the sentencing scheme" and represents "the outer limit of the defendant's possible commitment." *People v. Tanzy*, 99 Ill. 2d 19, 21 (1983). The trial court makes its calculation by determining the time defendant would have been required to serve, had he been convicted of the most serious crime and received the maximum sentence, "less credit for good behavior as provided in Section 5-4-1" of the Code. 730 ILCS 5/5-2-4(b) (West 2018). As the language of section 5-2-4(b) makes clear, time credited for good behavior is an essential component of defendant's *Thiem* date.

¶ 11 Section 3-6-3 of the Code sets forth the rules and regulations for sentence credit that the Department of Corrections "shall prescribe." *Id.* § 3-6-3(a)(1). Relevant here is the following subsection:

"(3) In addition to the sentence credits earned under paragraph[ ] (2.1) *** of this subsection (a), the rules and regulations shall also provide that the Director may award up to 180 days of earned sentence credit for good conduct in specific instances as the Director deems proper. The good conduct may include, but is not limited to, compliance with the rules and regulations of the Department [of Corrections], service to the Department, service to a community, or service to the State.

Eligible inmates for an award of earned sentence credit under this paragraph (3) may be selected to receive the credit at the Director's or his or her designee's sole discretion." *Id.* § 3-6-3(a)(3).

¶ 12 The question in this appeal is whether the trial court should apply the 180 days of sentence credit in subsection (a)(3) when calculating defendant's *Thiem* date. To make that determination, we consider whether the 180 days of credit is "credit for good behavior as provided in Section 5-4-1" of the Code. *Id.* § 5-2-4(b). Accordingly, we must construe several provisions of the Code.

¶ 13 "The cardinal rule of statutory construction is to ascertain and give effect to the intent of the legislature." *People v. McClure*, 218 Ill. 2d 375, 381 (2006). The best evidence of legislative intent can be found in the language of the statute, given its plain and ordinary meaning. *Id.* at 382. A court must not depart from the statute's language by reading into it exceptions, limitations, or conditions that contradict the intent of the legislature. *Id.* "The interpretation of a statute is a question of law that we review *de novo*." *Wisniewski v. Kownacki*, 221 Ill. 2d 453, 460 (2006).

¶ 14 Section 5-2-4(b) explicitly instructs the trial court to deduct "credit for good behavior as provided in Section 5-4-1 of the Unified Code of Corrections" when calculating defendant's *Thiem* date. 730 ILCS 5/5-2-4(b) (West 2018). Section 5-4-1 sets forth sentencing hearing procedures, and subsection (c) is the only provision that refers to sentence credit. Of interest here is subsection (c-2), which provides:

"If the defendant is sentenced to prison, *** at the time the sentence is imposed the judge shall state on the record in open court the approximate period of time the defendant will serve in custody according to the then current statutory rules and

regulations for sentence credit found in Section 3-6-3 and other related provisions of the Code.

The judge's statement *** shall include the following:

'The purpose of this statement is to inform the public of the actual period of time this defendant is likely to spend in prison as a result of this sentence. *** In this case, assuming the defendant receives all of his or her sentence credit, the period of estimated actual custody is …years and …months, less up to 180 days additional earned sentence credit. If the defendant, because of his or her own misconduct or failure to comply with the institutional regulations, does not receive those credits, the actual time served in prison will be longer. The defendant may also receive an additional one-half day sentence credit for each day of participation in vocational, industry, substance abuse, and educational programs as provided for by Illinois statute.' " *Id.* § 5-4-1(c-2).

¶ 15    According to this provision, the period of estimated actual custody does not include the deduction of 180 days of sentence credit. Rather, a plain reading of subsection (c-2) indicates that the defendant's period of custody of "…years and …months," which assumes the defendant's receipt of all his or her sentence credit, may be reduced by additional sentence credit, including "up to 180 days additional earned sentence credit" and additional one-half day earned sentence credits. *Id.* In other words, the 180-day credit further reduces defendant's period of estimated actual custody only to the extent it was earned by defendant. The amount of reduction depends upon the credit defendant actually earned. If the legislature intended to deduct the entire 180-day credit in all cases, subsection (c-2) would have stated "assuming the defendant receives all of his or her sentence credit, *including 180 days of earned additional credit*, the period of estimated actual custody is …years and …months." Since section 5-4-1 does not provide for the deduction of 180 days of sentence credit, regardless of whether it was earned, we hold that the determination of a defendant's *Thiem* date also does not include the automatic deduction of 180 days of credit.

¶ 16    Our determination is consistent with section 3-6-3(a)(3) of the Code, which provides for the 180 days of earned sentence credit. The plain language of the section states that the credit must be earned by defendant "for good conduct in specific instances as the Director deems proper." *Id.* § 3-6-3(a)(3). Furthermore, those who are eligible "may be selected to receive the credit at the Director's or his or her designee's sole discretion." *Id.* To assume defendant has earned all 180 days of credit when calculating his *Thiem* date would render this language meaningless. Courts must construe the provisions of the Code as a whole, so that no part of it is rendered meaningless or superfluous. *People v. Jones*, 214 Ill. 2d 187, 193 (2005).

¶ 17    Defendant cites *People v. Kokkeneis*, 259 Ill. App. 3d 404 (1994), as support that the 180 days of credit should be applied in calculating his *Thiem* date. In *Kokkeneis*, the defendant was found not guilty by reason of insanity on a charge of aggravated arson. Following a hearing, the trial court remanded the defendant to the custody of the Department of Mental Health and Developmental Disabilities. *Id.* at 406. This court determined that the trial court should have applied the 180 days of good time credit provided in subsection (a)(3) when calculating the defendant's maximum period of commitment. *Id.* at 409.

¶ 18    However, *Kokkeneis* and the supreme court case on which it primarily relied, *Tanzy*, 99 Ill. 2d 19, were decided on a prior version of section 5-2-4(b). That version stated only that the term of commitment "shall not exceed the maximum length of time that the defendant would have been required to serve, less credit for good behavior." *Kokkeneis*, 259 Ill. App. 3d at 407;

see also *Tanzy*, 99 Ill. 2d at 24. The court in *Kokkeneis* found that, because the defendant was entitled to receive the 180 days of good conduct credit pursuant to then-section 5-2-4(b), that credit should be applied in computing his maximum term of commitment. *Kokkeneis*, 259 Ill. App. 3d at 409.

¶ 19    In 2003, section 5-2-4(b) was amended to read "less credit for good behavior *as provided in Section 5-4-1 of the Unified Code of Corrections*." (Emphasis added.) Pub. Act 93-473 (eff. Aug. 8, 2003) (amending 730 ILCS 5/5-2-4(b)). The italicized language was added onto the prior version. As we discussed, section 5-4-1 does not automatically include the 180-day credit in its calculation of the defendant's period of estimated custody. As such, we find *Kokkeneis* inapplicable here.

¶ 20    In summary, we find that the trial court properly declined to reduce defendant's maximum term of commitment by an additional 180 days. However, the Director at IDHS should be informed that defendant's commitment term may be reduced by up to 180 days if the Director finds defendant is entitled to those credits. See *People v. Pastewski*, 251 Ill. App. 3d 358, 360 (1993); *People v. Detert*, 343 Ill. App. 3d 607, 612 (2003).

¶ 21                                    IV. CONCLUSION
¶ 22    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 23    Affirmed.